United States District Court
Southern District of Texas

**ENTERED**

August 06, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIANA RAMIREZ SANDOVAL,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01301** |
| | § | |
| **WARDEN OF THE LAREDO** | § | |
| **DETENTION CENTER, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

Pending before the Court is Petitioner Mariana Ramirez Sandoval's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

## <u>Background</u>

Petitioner is a noncitizen who has resided in the United States over 21 years. (Dkt. 1 at 18.) She entered the United States without inspection at the age of one year old and has two siblings who are United States citizens. (*Id.*) On February 10, 2021, Petitioner filed a Form I-821D, Consideration of Deferred Action for Childhood Arrivals, that remains pending with the United States Citizenship and Immigration Services. (*Id.* at 19.) On or about August 1, 2025, Petitioner was apprehended by immigration authorities at a traffic stop. (*Id.*) ICE took Petitioner into custody and served her with a Notice to Appear. (*Id.* at 19, Attach. 1 at 9–10.)[1] Thereafter, Petitioner was

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

1 / 7

ordered removed by an Immigration Judge (IJ) and filed a timely appeal of the removal order which remains pending. (Dkt. 1 at 20.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. § 1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava Rodriguez v. Ortega*, 2026 WL 2014647 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026 ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.[2]

_____

[2] On July 21, 2026, the Fifth Circuit issued a stay of the three individual district court judgments in *Sosnava Rodriguez* pending rehearing *en banc*. 2026 WL 2104747, at *1 (5th Cir. July 21, 2026). The Supreme Court has recognized that an interim order granting a stay is "not conclusive as to the merits" and may "inform how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *see also Merrill v. Milligan*, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) ("[t]he stay order is not a ruling on the merits, but instead simply stays the District Court's injunction pending a ruling on the merits."); *U.S. Navy SEALs 1-*

2 / 7

On March 25, 2026, Petitioner filed her first habeas petition challenging her detention under the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process Clause. (Dkt. 1 at 20; Dkt. 8 at 1); *see also Ramirez Sandoval v. Warden*, 5:26-cv-00490, Dkt. No. 1 (S.D. Tex. July 8, 2026). On July 8, 2026, District Court Judge Marina Garcia Marmolejo ordered Respondents to comply with *Sosnava Rodriquez* before the decision was later vacated by the Fifth Circuit. Specifically, Respondents were ordered to provide Petitioner a bond hearing within five days if she had been detained under 8 U.S.C. § 1225(b)(2)(A) for ninety or more days. (Dkt. 1 at 20; Dkt. 8 at 1–2); *see also Ramirez Sandoval*, 5:26-cv-00490, Dkt. No. 9 at 1.  The same day, final judgment was entered pursuant to Federal Rule of Civil Procedure 58(a). *See Ramirez Sandoval*, 5:26-cv-00490, Dkt. No. 10. Thereafter, Petitioner's bond hearing was scheduled for July 14, 2026. (*See* Dkt. 1 at 20.) After *Sosnava Rodriguez* was vacated, the IJ found that the immigration court did not have jurisdiction to set Petitioner's bond pursuant to DHS policy and *Buenrostro-Mendez*. (*Id.* at 21, Attach. 1 at 45.)

Petitioner filed the instant Petition for Writ of Habeas Corpus on July 23, 2026. (Dkt. 1.) Petitioner argues she is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of the INA and the Fifth Amendment Due Process Clause. (*Id.* at 21–22.)

---

*26 v. Biden*, 72 F.4th 666, 675 n.9 (5th Cir. 2023) (A stay does not "spawn binding legal consequences regarding the merits of [a] case." (quoting *Democratic Exec. Comm. of Fla. v. Nat'l Republican Senatorial Comm.*, 950 F.3d 790, 795 (11th Cir. 2020))). The Fifth Circuit's stay in *Sosnava Rodriguez* was issued without analysis. Accordingly, reading into the Fifth Circuit's stay "is an inherently speculative endeavor." *See Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1013 (S.D. Tex. 2025). Without clearer direction, the Court will not deny relief this Court deems meritorious solely because the district court judgments granting relief to individual habeas petitioners were stayed. *See, e.g., See, e.g., Camacho v. Dep't Homeland Security*, 2026 WL 2137156, at *2–3 (W.D. Tex. July 24, 2026); *Guerra Estrada v. Ybarra*, 2026 WL 2168090, at *1–2 (W.D. Tex. July 28, 2026); *Perozo-Mata v. Blanche*, 2026 WL 2195373, at *3 (S.D. Tex. July 27, 2026); *Rodriguez v. Blanche*, 2026 WL 2221493, at *14 (W.D. Tex. Aug. 3, 2026); *Tiquiram-Us v. Dilley Immigr. Processing Ctr.*, 2026 WL 2242499, at *1 (W.D. Tex. July 31, 2026).

She asks the Court to order her immediate release or in the alternative, provide her with a bond hearing. (*Id*. at 22.) The Court ordered Respondents to respond to Petitioner's petition on or before July 29, 2026. (Dkt. 6.) Respondents filed a timely Response and Motion to Dismiss, arguing that the Court should dismiss the habeas petition as duplicative. (Dkt. 8.) Petitioner did not file a reply to Respondents' response.

## **Discussion**

As an initial matter, Respondents argue that the petition should be dismissed as duplicative of Petitioner's first habeas petition based on the "first-to-file" rule. (Dkt. 8 at 2–3) (citing *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)). Specifically, Respondents allege that the "claims in the instant petition are the same as Petitioner's initially filed lawsuit, and Judge Marmolejo has issued a final judgment in that initial case." (*Id.* at 3.) Thus, Respondents claim that "Petitioner's recourse is to seek relief in her initial habeas case." (*Id.*) Courts use the "first-to-file" rule to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). Additionally, when a petitioner files a petition duplicative of another pending petition that alleges "substantially the same facts arising from a common series of events," the later-filed petition should ordinarily be dismissed. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) ("Ordinarily . . . the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier."); *see, e.g., Zhao v. Holder*, 2010 WL 517897, at *1 (S.D. Tex. Feb. 10, 2010) (dismissing later-filed immigration habeas petition as duplicative).

The "first-to-file" rule is not applicable here because final judgment has been entered in Petitioner's first habeas case and therefore, it is no longer pending. *See Ramirez Sandoval*, 5:26-

4 / 7

cv-00490, Dkt. No. 10; *see also Cadle Co.*, 174 F.3d at 604; *Save Power Ltd.*, 121 F.3d at 950

("This concern applies where related cases are pending before two judges in the same district[.]").

Additionally, while Petitioner raises similar claims to her first petition, her prior habeas case did

not ultimately decide or remedy Petitioner's claim that her detention violates her rights under the

Due Process Clause of the Fifth Amendment.[3] *See generally Ramirez Sandoval*, 5:26-cv-00490,

Dkt. No. 9. Thus, where Petitioner's current petition presents a meritorious constitutional claim

that has not previously been adjudicated and is not actively before another court, the Court declines

to dismiss Petitioner's current petition.

Turning to the merits of Petitioner's case, the Court finds that Petitioner's due process

claim presents nearly identical legal questions to those previously considered by the Court in

*Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782 (S.D. Tex. 2026) and *Strunin v. Garcia*, 827 F.

Supp. 3d 976 (S.D. Tex. 2026), in which the Court determined that the petitioners' detention by

ICE violated their rights under the Due Process Clause. Because Petitioner's legal claims are

materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin*

and because Respondents have failed to offer controlling precedent or reasoning that would justify

reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the

issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen

---

[3] Although Judge Garcia Marmolejo ordered a bond hearing pursuant to *Sosnava Rodriguez*, a bond hearing never occurred after the IJ found that the immigration court did not have jurisdiction. (*See* Dkt. 1 at 21, Attach. 1 at 45.) Furthermore, Respondents failed to comply with the Order. Respondents did not provide Petitioner a bond hearing within five days or immediately release her despite the explicit directive that, "[i]n the event Respondents fail to timely provide Petitioner with a bond hearing, they must immediately release Petitioner." *See Ramirez Sandoval*, 5:26-cv-00490, Dkt. No. 9 at 1–2; (*see also* Dkt. 1 at 20.) Instead, Respondents scheduled Petitioner's bond hearing for the day after the ordered deadline, continued to detain Petitioner, and then failed to file "an advisory confirming their compliance within five days after the bond hearing occur[red]." *See Ramirez Sandoval*, 5:26-cv-00490, Dkt. No. 9 at 1; (*see also* Dkt. 1 at 20–21, Attach. 1.)

who previously entered the United States without inspection and has established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690, 700–02 (W.D. Tex. 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685–88 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Ceballos v. Garite*, 2026 WL 446509, at *2 n.2 (W.D. Tex. Feb. 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 810 F. Supp. 3d 101, 106–07 (D. Mass. 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 821 F. Supp. 3d 727, 729 (W.D. Tex. 2026). Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to Order to Show Cause and Motion to Dismiss Habeas Petition as Duplicative, (Dkt. 8), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **<u>no less than three hours</u>** prior to Petitioner's release from custody.

3.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4.      If Petitioner is redetained under 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this August 6, 2026.

Diana Saldaña
United States District Judge